# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ENOCH KWASI BOATENG,** : | | **CIVIL ACTION** |
| *Plaintiff,* : | | |
| v. : | | |
| : | | |
| **SYDNEY ARCHELL BANKSTON,** : | | **No. 22-cv-4944** |
| *Defendant.* : | | |

## MEMORANDUM

**KENNEY, J.**                                                                                         **DECEMBER 14, 2022**

Plaintiff filed this case in Philadelphia Municipal Court, First Judicial District of Pennsylvania, on September 13, 2022. *Boateng v. Bankson*, LT-22-09-13-4062 (Pa. Mun. Ct. 2022). Defendant removed the case to this Court on December 12, 2022. (ECF No. 2) It is the Defendant's burden to show at all stages of litigation that the case is properly before this Court.

"[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This Court lacks subject matter jurisdiction and remands this action because this case is nothing more than a Landlord-Tennant dispute for approximately $3,588. *Boateng v. Bankson*, LT-22-09-13-4062 (Pa. Mun. Ct. 2022). Defendant summarily asserts violations of federal statutory law, the Treaty of Peace and Friendship, and "Articles 4, 5, and 6 of the Constitution for treason," *see* ECF No. 2 at 1, but "Section 1441(a) … does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1748 (2019). This case shall be remanded. An accompanying order follows.

**BY THE COURT:**

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**